UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WINTER,

        Plaintiff,

                              Case No.    05-74502

v.

                              HONORABLE DENISE PAGE HOOD

LOUISVILLE LADDER GROUP
INTERNATIONAL, LLC and
LOUISVILLE LADDER, LLC,,

        Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment and Defendant's Motion for Rule 11 Sanctions, filed August 11, 2006. Plaintiff filed an Answer to Defendants' Motion for Summary Judgment and an Answer to Defendants' Motion for Rule 11 Sanctions on September 6, 2006.

**II.    STATEMENT OF FACTS**

Plaintiff, Thomas Winter, alleges that on December 6, 2002 he was atop a ladder when it collapsed and he fell, sustaining a shattered ankle, among other injuries. The allegedly defective ladder was manufactured by Defendant, Louisville Ladder Inc. Plaintiff alleges failure to warn, defective manufacture, failure to maintain the subject ladder in a safe condition and negligence.

**III.	STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact."  *Mathieu v. Chun*, 828 F. Supp. 495, 497

(E.D. Mich. 1993) (citations omitted).

## IV.   APPLICABLE LAW & ANALYSIS

### A.   Summary Judgment

Defendant asserts that summary judgment is appropriate because (1) Plaintiff lacks expert testimony to support his claims and (2) critical evidence that was in Plaintiff's control has been spoliated.

Defendant characterizes Plaintiff as claiming that Defendant was negligent in its design or manufacture and that Defendant fail to warn of the potential defects of the subject ladder. (Def.'s Mot. For Summ. J. at 6-9). Defendant points to the testimony of Mr. Main acknowledging that he supports only a manufacturing defect claim and thus Plaintiff's claims of negligent design and failure to warn must be dismissed for lack of expert support. *Id.*, Ex. 10. Plaintiff acknowledges that his sole claim for liability is predicated on a manufacturing defect. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 5). The only claim before the Court is based on the alleged defective manufacture of the subject ladder.

#### 1.   Expert Witness Testimony

In a manufacturing defect action, the allegedly defective product "may be evaluated against the manufacturers own production standards, as manifested by that manufacturers other like products." *Pretis v. Yale Mfg. Co.*, 421 Mich. 670, 683 (1985). A manufacturing defect claim cannot be proven without expert testimony. *Moisenko v. Volkswagenwerk Aktiengesellschaft*, 100 F.Supp.2d 489, 493 (W.D. Mich. 2000).

Defendant asserts that Plaintiff's claim must be dismissed because Plaintiff's proposed expert's, Bruce Main, opinion is not supported by facts or evidence. Mr. Main opines that the right

3

rung lock fractured, which caused Plaintiff to fall. (Def.'s Mot. For Summ. J. at 9). In Answers to Interrogatories, Plaintiff states that the fractures to the right and left rung locks of the ladder occurred on the date of the incident. *Id.*, Ex. 4. Plaintiff further asserts that he became aware that the right rung lock was broken at the time of the inspection with defense counsel and he became aware that the left rung lock was fractured shortly after the accident. *Id.* However, Defendant contends that these Answers to Interrogatories contradict Plaintiff's previous deposition testimony that the rung locks were engaged at the time of the incident and that following the incident, he was unaware of any damage to the rung locks. *Id.*, Ex.'s 7, 8.

Mr. Main testified that he relied on the assumption that the rung locks were not properly engaged and that they were fractured during the incident, however, Defendant contends that there is no evidence in the record that the fly locks, a/k/a rung locks, were not properly engaged. *Id.* Defendant argues that Mr. Main did not have a sufficient factual basis upon which to base his opinion, his opinion is based on assumptions that do not comport with established facts, and therefore, his testimony should be excluded. *Id.* at 10; *Thornhill v. Detroit*, 142 Mich. App. 656, 658 (1985); *Badalamenti v. William Beaumont Hospital - Troy*, 237 Mich. App. 278, 286 (1999).

Plaintiff responds that, when viewed in a light most favorable to Plaintiff, there is a question of credibility - whether you believe Plaintiff or Tony Huffine, Defendant's expert. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 6). Mr. Huffine, a manager of engineering services for Louisville Ladder, Inc., states in a June 2, 2006 affidavit that on August 19, 2004 he inspected the subject ladder and determined that "the ladder was free from any defects and specifically the rungs and rung locks were undamaged and free of any defects." (Def.'s Mot. For Summ. J., Ex. 2).

Defendant's contention that Plaintiff's deposition testimony contradicts his Answers to

4

Interrogatories is undermined by a more contextualized reading of Plaintiff's deposition testimony, which states,

> Q: After the fall, you're not aware of any damage to the rungs, the side rails?
> A: Not that I'm aware of. The locking mechanism, it looked like it was straighter before the accident happened. It looked like it might be bent or something to me, you know.
> Q: Is there a photograph that shows what you're talking about?
> A: No, I can't tell from these pictures here, but that's just what it looked like to me. It might not even be bent. You know what I'm saying? It looked like - - after the accident happened it looked like one of them had gotten bent or something.

(Def.'s Mot. For Summ. J., Ex. 8). There is some ambiguity in Plaintiff's responses and an indication that the deposition photographs did not adequately depict Plaintiff's recollection of the ladder. Moreover, the Court does not find that Mr. Main's testimony, that the right rung lock fractured, is wholly unsupportable by the evidence because the photographs attached to Defendant's Motion, as well as those provided to the Court during oral argument, do not clearly depict the presence or the absence of a fracture in the right rung lock.

The Court finds that material issues of fact exist as to whether or not the rung locks were properly engaged and it is not proper to exclude the expert testimony of Mr. Main.

### 2. Spoliation

A trial court has the authority to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced. *Bloemendaal v. Town & Country Sports Center, Inc.*, 255 Mich. App. 207, 211 (2002). Defendant asserts that at some point between Defendant's initial inspection of the subject ladder on August 19, 2004, and Defendant's second inspection on May 9, 2006, the subject ladder was spoliated. (Def.'s Mot. For Summ. J. at 11, Ex.'s 2, 3). Namely, the rungs and rung locks have been fractured and/or completely broken. *Id.*, Ex. 2. Defendant contends that it is unable to perform any further tests to determine whether or not the

subject ladder was defective. Defendant argues the only viable evidence is that from Mr. Huffine's August 2004 inspection, which concluded that the ladder was free from any defects. *Id.*

Plaintiff contends that since the accident, there have been four inspections of the ladder and it is likely that each inspection further damaged the ladder. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 6). The first inspection was conducted by Mr. Huffine on August 19, 2004, where he examined the ladder thoroughly, extended it, climbed it, photographed it, and determined that it was free from any defects. (Def.'s Mot. For Summ. J., Ex. 2). The second inspection, which occurred on May 9, 2006, was also conducted by Defendant. At the May 9, 2006 inspection, Defendant found that the rungs and rung locks were fractured and/or completely broken.

The Court is only aware of two inspections of the subject ladder, as opposed to four as alleged by Plaintiff. However, Plaintiff testified that he never used or damaged the ladder in any way after the accident. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 5, Dep. of Thomas Winter, p. 75). In the context of the Motion for Summary Judgment, Defendant has not persuaded the Court that Plaintiff failed to properly maintain the subject ladder. Defendant's theory of spoilation is not sufficient to warrant summary judgment.

### B.     Rule 11 Sanctions

Similar to Defendant's spoilation argument, Defendant asserts that Rule 11 sanctions against Plaintiff are appropriate because "Plaintiff and Plaintiff's counsel are now presenting their claim based upon the fabricated evidence that the rung locks were broken at the time of this incident." (Def.'s Mot. For Rule 11 Sanctions at 2). Defendant asserts that Plaintiff's action is frivolous, as it is based on fabricated facts, and Rule 11 sanctions are appropriate.

Federal Rule of Civil Procedure Rule 11(b) states, in pertinent part:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11 sanctions are appropriate where the district court determines that an attorney's conduct is not "reasonable under the circumstances." *Tahfs v. Proctor*, 316 F.3d 584, 593-95 (6th Cir. 2003).

Plaintiff relies on his Answer and Brief in response to Defendant's Motion for Summary Judgment to refute the allegations of Defendant's Rule 11 Motion for Sanctions.

Defendant has not persuaded the court that Plaintiff is using "fabricated facts" in relation to the subject ladder. As such, Rule 11 sanctions are not appropriate.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 23, filed August 11, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Rule 11 Sanctions **[Docket No. 24, filed August 11, 2006]** is DENIED.

IT IS FURTHER ORDERED that the a Final Pretrial Conference will be held on January 16, 2007 at 2:45 p.m.

IT IS FURTHER ORDERED that this matter is scheduled for trial on February 13, 2007 at 9:00 a.m.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: December 1, 2006